UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIZABETH HUMPHREY AND<br>TERENCE MCKAY | CIVIL ACTION NO.: |
| VERSUS | SECTION: |
| KEITH BARDWELL AND<br>BETH BARDWELL | MAGISTRATE |

### COMPLAINT

Plaintiffs, Elizabeth Humphrey and Terence McKay, appearing through undersigned counsel, with respect, represent the following:

### A. JURISDICTION AND VENUE

**1.**

This action is brought under 42 U.S.C. § 1983 to redress claims arising under the Fourteenth Amendment to the United States Constitution, as well as to redress violations of Article I §§ 2, 3 and 12 of the Constitution of the State of Louisiana, and Article 2315 of the Louisiana Civil Code. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction is conferred by 28 U.S.C. § 1367 and venue is proper under 28 U.S.C. § 1391(b).

1

## B. PARTIES

**2.**

Plaintiffs, Elizabeth Humphrey and Terence McKay are both adult citizens of the United States and residents of the Parish of Tangipahoa, State of Louisiana.

**3.**

(a) Defendant, Keith Bardwell, is an adult citizen of the United States and resident of the Parish of Tangipahoa, State of Louisiana.

(b) At all times relevant to this complaint, he served as the elected Justice of the Peace for the Eighth Ward of Tangipahoa Parish.

(c) In his *ex officio* capacity, he is sworn to "support the Constitution and laws of the United States and the Constitution and laws of this state" and to "faithfully and impartially" perform the duties associated with his elected position.

(d) He is sued individually and in his official capacity.

**4.**

(a) Defendant, Beth Bardwell, is an adult citizen of the United States and resident of the Parish of Tangipahoa, State of Louisiana.

(b) Upon information and belief, she is the wife of defendant, Keith Bardwell, and is both familiar with and involved in the discharge of his duties as an elected official.

## C. STATEMENT OF THE FACTS

**5.**

Plaintiffs, Elizabeth Humphrey and Terence McKay obtained a marriage license from the Tangipahoa Parish Clerk of Court.

**6.**

In accordance with Louisiana statutes, plaintiffs provided certified copies of both of their birth certificates, social security cards and/or picture identification containing social security numbers, information regarding any previous marriages and the required thirty-five dollar ($35.00) fee for issuance of a marriage license.

**7.**

A representative from the Tangipahoa Parish Clerk of Court Marriage Department provided plaintiffs with a list of qualified celebrants in the area who perform marriage ceremonies and thereafter sign marriage licenses, a requirement for a valid marriage in Louisiana.

**8.**

Thereafter, on or about October 6, 2009, plaintiff, Elizabeth Humphrey, contacted defendant, Keith Bardwell, one of the qualified celebrants on the list she had been provided with by the Tangipahoa Parish Clerk of Court Marriage Department.

**9.**

Upon contacting Mr. Bardwell via telephone, Elizabeth Humphrey was subjected to an interview with defendant, Beth Bardwell.

**10.**

One of the questions defendant, Beth Bardwell, asked Elizabeth Humphrey was if she and Terence McKay were a "mixed couple."

**11.**

Beth Bardwell answered Beth Bardwell's question by asserting that she and Terence McKay were, in fact, an interracial couple.

**12.**

Upon learning that plaintiffs were an interracial couple, defendant, Beth Bardwell, informed Elizabeth Humphrey, "We don't do interracial weddings," and stated that plaintiffs would need to go outside of Tangipahoa Parish to get married.

**12.**

Defendant, Keith Bardwell, has made public statements to the media concerning his discrimination toward interracial couples.

**13.**

Defendant, Keith Bardwell, cites concern for the "offspring" of interracial couples as his reason for discrimination and estimates that he has refused to marry at least four other interracial couples in the past two and a half years (by his own estimate).

### D. STATEMENT OF CLAIMS

### FEDERAL CONSTITUTIONAL CLAIMS

**14.**

The conduct on the part of the defendants complained upon herein infringes upon and violates clearly established interracial marriage rights secured by the Fourteenth Amendment to the United States Constitution.

**15.**

Restricting freedom to marry solely based on race violates the very core of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as marriage is one of the most basic civil rights and the freedom to marry, or not marry a person of another race resides with the individual and cannot be infringed upon by a public official or one acting in concert therewith.

**16.**

Plaintiffs, Elizabeth Humphrey and Terence McKay suffered emotional distress and mental anguish as a result of the wrongful deprivation of their civil rights as described herein.

**17.**

The conduct on the part of defendant, Keith Bardwell, complained upon herein is representative of a custom or policy of deliberate indifference toward constitutionally protected rights of individuals, specifically Elizabeth Humphrey and Terence McKay. Plaintiffs allege that Keith Bardwell acted outside the scope of and exceeded his authority as Justice of the Peace in perpetuating the racial discrimination complained upon herein.

**18.**

The conduct on the part of defendant, Beth Bardwell, complained upon herein is representative of a custom or policy of deliberate indifference toward constitutionally protected rights of individuals, specifically Elizabeth Humphrey and Terence McKay.

**19.**

Defendant, Beth Bardwell, a private citizen, aided, abetted and conspired with defendant, Keith Bardwell, to deprive plaintiffs and others of their constitutionally protected civil rights.

**20.**

The United States Supreme Court has long recognized that interference with marriage rights solely upon the basis of race is a violation of constitutionally protected rights. *Loving v. Commonwealth of Virginia,* 388 U.S. 1, 87 S.Ct. 1817 (1967).

## STATE CONSTITUTIONAL CLAIMS

**21.**

The conduct of the defendants complained upon herein infringes upon and violates clearly established rights secured by Article I §§ 2, 3 and 12 of the Constitution of the State of Louisiana.

**22.**

Plaintiffs, Elizabeth Humphrey and Terence McKay suffered emotional distress and mental anguish as a result of the wrongful deprivation of their rights to due process, individual dignity and freedom from discrimination.

**23.**

The conduct on the part of defendant, Keith Bardwell, complained upon herein is representative of a custom or policy of deliberate indifference toward constitutionally protected rights of due process, individual dignity and freedom from discrimination. Plaintiffs allege that Keith Bardwell acted outside the scope of and exceeded his authority as Justice of the Peace in perpetuating the racial discrimination complained upon herein.

**24.**

The conduct on the part of defendant, Beth Bardwell, complained upon herein is representative of a custom or policy of deliberate indifference toward constitutionally protected rights of due process, individual dignity and freedom from discrimination.

**25.**

Defendant, Beth Bardwell, a private citizen, aided, abetted and conspired with defendant, Keith Bardwell, to deprive plaintiffs and others of their constitutionally protected rights of due process, individual dignity and freedom from discrimination.

**STATE LAW CLAIMS**

**26.**

The conduct on the part of defendant, Keith Bardwell, complained upon herein constitutes Intentional Infliction of Emotional Distress, which caused plaintiffs, Elizabeth Humphrey and Terence McKay to suffer harm in violation of Article 2315 of the Louisiana Civil Code.

**27.**

The conduct on the part of defendant, Beth Bardwell, complained upon herein constitutes Intentional Infliction of Emotional Distress, which caused plaintiffs, Elizabeth Humphrey and Terence McKay to suffer harm in violation of Article 2315 of the Louisiana Civil Code.

**28.**

The combined conduct of the defendants complained upon herein constitutes Negligent Infliction of Emotional Distress, which caused plaintiffs, Elizabeth Humphrey

and Terence McKay to suffer harm in violation of Article 2315 of the Louisiana Civil Code.

### E. PRAYER FOR RELIEF

**WHEREFORE,** plaintiffs, Elizabeth Humphrey and Terence McKay, respectfully request this Honorable Court grant the following relief:

1. Declare that refusal by defendant, Keith Bardwell, to officiate weddings of interracial couples, namely Elizabeth Humphrey and Terence McKay, despite his status as a public official, violates the Equal Protection guaranteed by the Fourteenth Amendment to the United States Constitution.

2. Declare that the refusal by defendant, Keith Bardwell, to officiate weddings of interracial couples, namely Elizabeth Humphrey and Terence McKay, despite his status as a public official violates Article I §§ 2, 3 and 12 of the Constitution of the State of Louisiana.

3. Declare that defendant, Keith Bardwell acted outside the scope of and exceeded his authority as Justice of the Peace in perpetuating the racial discrimination complained upon herein.

4. Declare that defendant, Beth Bardwell, violated clearly established constitutional rights when she acted to aid, abet and conspire with defendant, Keith Bardwell, a public official, to deprive plaintiffs of their right to marry.

5. Order defendants to pay damages to plaintiffs for mental anguish and emotional distress directly caused by defendants' violation of rights secured by 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

6. Order defendants to pay damages to plaintiffs for mental anguish and emotional distress directly caused by defendants' violation of rights secured by Article I §§ 2, 3 and 12 of the Constitution of the Constitution of the State of Louisiana.

7. Order defendants to pay damages to plaintiffs for the Intentional and Negligent Infliction of Emotional Distress which caused plaintiffs harm under Article 2315 of the Louisiana Civil Code.

8. Enjoin defendants, their agents or employees, and/or anyone acting in concert with them from violating clearly established constitutional rights, specifically those protecting the rights of people of different races to marry pursuant to *Loving v. Commonwealth of Virginia*, 388 U.S. 1, 87 S.Ct. 1817 (1967).

9. Order defendants to pay costs actually expended and attorney's fees at the rate normally charged by counsel pursuant to the number of actual hours spent on the case, or such rate as the Court may find reasonable.

10. Any and all other relief that this Honorable Court finds just, equitable and proper.

Respectfully Submitted:

/s/ Laura L. Catlett
Laura L. Catlett (LA 31431)
Robert J. Diliberto (LA 24783)
Damon A. Kirin (LA 24729)
Laura L. Catlett (LA 31431)
3636 S. I-10 Service Road West
Suite 210
Metairie, LA 70001
Phone: (504)828-1600
Fax: (504)828-1555