# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIZABETH HUMPHREY AND TERENCE MCKAY | CIVIL ACTION NO.:   2:09-06997 |
| VERSUS | JUDGE BARBIER |
| KEITH BARDWELL AND BETH BARDWELL | MAGISTRATE CHASEZ |

FILED_____        _____

DEPUTY CLERK

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

#### Factual Background

At all material times hereto, defendant, Keith Bardwell, was serving as an elected Justice of the Peace for the Eighth Ward of Tangipahoa Parish in the State of Louisiana. Defendant, Beth Bardwell is Keith Bardwell's wife and also served as his secretary. Plaintiffs, Terence McKay and Elizabeth Humphrey are an interracial couple who contacted the Bardwells to inquire about Mr. Bardwell officiating their marriage ceremony.   Elizabeth Humphrey, who spoke on the phone with Mrs. Bardwell, was told by Mrs. Bardwell that Mr. Bardwell would not perform the marriage ceremony between

3

the plaintiffs because they were a mixed race couple. Defendants do not deny these facts and have offered reasons in their Motion for Summary Judgment as to why they believe that interracial couples should not marry.

**Standard of Review**

Summary judgment is only appropriate where the facts and law as represented in the pleadings, affidavits and other summary judgment evidence show that no reasonable trier of fact could find for the non-moving party as to any material fact.   Fed.R.Civ. P. 56; Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986); Innovative Database Systs. v. Morales, 990 F.2d 217 (5th Cir. 1993). "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact."   Lynch Properties, Inc. v. Potomac Ins. Co. of Ill., 140 F.3d 622, 625 (5th Cir. 1998).   The record reflects that Noble has fallen short of meeting its burden.

In reviewing the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe.   Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000).   Furthermore, all evidence must be construed in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes.   Williams v. Time Warner Operation, Inc., 98 F.3d 179, 181 (5th Cir.1996).   Likewise, all inferences to be

4

drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.   Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)(quoting United States v. Diebold, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)); Hansen v. Continental Insur. Co., 940 F.2d 971, 975 (5th Cir.1991); Lynch Properties, Inc. v. Potomac Ins. Co. of Ill., 140 F.3d 625, 625 (5th Cir. 1998); Eastman Kodak v. Image Technical Services, 504 U.S. 451 (1992).

## THE BARDWELLS ARE NOT ENTITLED TO ABSOLUTE IMMUNITY

Defendants contend that they are entitled to absolute immunity by virtue of the fact that performance of a marriage ceremony is a judicial function.   This contention is irrelevant as plaintiffs' claims do not arise out of the performance of a marriage ceremony, but rather from defendant's refusal to perform an otherwise qualified ceremony for racially discriminatory reasons.

Plaintiffs seek declaratory and injunctive relief in their Complaint.   In *Pulliam v. Allen,* 466 U.S. 522, 541-42, 104 S.Ct. 1970, 1981, 80 L.Ed.2d 565(1984), the Supreme Court held that judicial immunity did not prohibit declaratory and injunctive relief against a judicial officer acting in his or her judicial capacity.

Additionally, in *Forrester v. White,* 484, U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555(1988), the Court recognized the importance of properly characterizing a judicial officer's acts for purposes of determining whether judicial immunity applies.   In that case, the Court found judicial immunity inapplicable where a state judge had been sued for

5

sexual discrimination in an employment-related matter. *Id* at 229, 108 S.Ct. at 545.   The Court noted that there is no immunity "for acts that simply happen to have been done by judges" when those acts are not judicial acts. *Id* at 227, 108 S.Ct. at 544.   Rather, the "immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches. *Id.*   While the Supreme Court never specifically articulated a precise definition of the class of acts entitled to immunity, the Court recognized the "intelligible distinction between judicial acts and the administrative, legislative or executive functions that judges my on occasion be assigned by law to perform." *Id.* At 227, 108 S.Ct. at 544.   In light of these cases, it is clear that the Supreme Court, in crafting, judicial immunity over the years, did not consider every act taken by a judge to be in his judicial capacity merely by virtue of the officer's status as a judge.

Defendants' assertion that the conduct complained of part of a normal judicial function is ludicrous.   While defendant, Keith Bardwell's, performance of marriage ceremonies may be considered a normal judicial function, his discrimination against marriage candidates solely upon the basis of race during an unconstitutional screening process is neither normal nor judicial.   In accordance with the cases cited hereinabove, defendants should not be entitled to judicial immunity for acts that are representative of a pattern of discrimination against interracial couples.

## DEFENDANTS' CONDUCT DOES NOT WARRANT QUALIFIED IMMUNITY

Defendants next attempt to evade responsibility for their conduct by was of their presumption that they are entitled to qualified immunity.   In *Harlow v. Fitzgerald,* the

6

United States Supreme Court established that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does **not** violate clearly established statutory or constitutional rights of which a reasonable person would have known.  457 U.S. 800, 818(1982).  The defense of qualified immunity is in no way applicable to defendants' conduct.  As alleged in the complaint and substantiated by Beth Bardwell's own affidavit submitted in support of defendants' Motion for Summary Judgment, plaintiffs were denied a marriage ceremony when Beth Bardwell informed plaintiff, Beth Humphrey, that defendant Keith Bardwell "declined to perform ceremonies for couples not of the same race."  The United States Supreme Court held long ago that the **interference** with marriage rights solely upon the basis of race is a direct violation of constitutionally protected rights.  *Loving v. Commonwealth of Virginia*, 388 U.S. 1, 87 S.Ct. 1817(1967).

In support of their warped and racist reasoning for not marrying interracial couples, defendants point to their "concern" for the children born of these marriages and attempts to equate interracial children to those born with congenital birth defects, such as those Bardwell himself suffers from.  Aside from being absurd, this reasoning only reinforces the racist nature of defendants' discrimination toward interracial couples.  Given the nature of the application of qualified immunity and the plaintiffs' own admission of their conduct and reasons for same, it is clear that they are not entitled to qualified immunity where they clearly violated constitutional rights while discriminating against plaintiffs based solely on race.

7

**Conclusion**

In light of the authority and reasoning advanced herein, defendants are not entitled to a grant of summary judgment. Plaintiffs Complaint, on its face, combined with defendant's own admission regarding their conduct and the reasons therefore render this case necessitous of further determination. Accordingly, Defendants' Motion for Summary Judgment should be denied.

Respectfully submitted:

/s/Laura L. Catlett
Laura L. Catlett, LSBA 31431
3636 S. I 10 Service Rd., W.
Suite 210
Metairie, LA 70001
Email: catlett@attorneys-louisiana.com
Telephone (504) 828 1600
Facsimile (504) 828 1555

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August, 2010, I served the foregoing on defendants via facsimile and/or the deposit of same in the United States Mail, postage prepaid.

_/s/Laura L. Catlett____

8